**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEXA NITA RUSSELL, | No. 13-15169 |
| Plaintiff-Appellant, | D.C. No. 1:11-cv-00277-HG-KSC |
| v. | |
| BAC HOME LOANS SERVICING, LP, a Texas limited partnership; JOHN AND MARY DOES, 1-100, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted February 13, 2018[**]

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Alexa Nita Russell appeals pro se from the district court's judgment

dismissing her action alleging federal and state law claims arising from a pending

foreclosure of real property.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed Russell's action because Russell failed to allege facts sufficient to "state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (explaining that "a pleading that offers labels and conclusions" or "naked assertions devoid of further factual enhancement" is insufficient to survive a motion to dismiss (citation, internal quotation marks, and alterations omitted)).

The district court did not abuse its discretion by denying Russell leave to include previously abandoned claims in the third amended complaint because amendment would have been futile. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (district court's discretion to deny leave to amend is particularly broad when it afforded plaintiff one or more opportunities to amend).

The district court properly denied Russell's motion to remand the action to state court because the district court had subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367, and the action was properly removed under 28 U.S.C. § 1441. *See D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 974 n.2 (9th Cir 2004) (denial of a motion to remand a removed case is reviewed de novo).

13-15169

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**